# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHARLES L. SMITH,**

    **Plaintiff,**

**v.**                **Case No. 05-C-686**

**FOREMOST FARMS USA; CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION PLAN; and TEAMSTER LOCAL 563,**

    **Defendants.**

## DECISION AND ORDER

  The plaintiff, Charles L. Smith ("Smith"), filed a seven count complaint against four defendants: Foremost Farms USA ("Foremost Farms"); Central States, Southeast and Southwest Areas Pension Plan (the "Plan"); International Brotherhood of Teamsters AFL-CIO (the "Teamsters"); and Teamster Local 563 ("Local 563"). On December 9, 2005, this Court dismissed the claims against the Teamsters because Smith failed to properly serve the Teamsters.

  On July 25, 2005, the Plan filed a motion to dismiss, and on August 22, 2005, the Plan filed a motion for summary judgment. The Court granted in part and denied in part the Plan's motion to dismiss, and the Court also granted the Plan's motion for summary

1

judgment. On September 28, 2005, Foremost filed a motion for summary judgment, which the Court also granted. Finally, on March 6, 2006, Local 563 filed a motion for summary judgment, which is now pending before the Court.[1]

## BACKGROUND

Much of the relevant background was articulated in this Court's previous orders of May 12, 2006, and September 20, 2006. Nevertheless, for the sake of clarity, the Court will again outline the relevant facts surrounding this litigation.

Smith worked for Foremost for over 28 years, beginning on April 2, 1975. His employment was governed by the "Labor Agreement Between Foremost Farms USA and Teamster Locals 75, 563, 662." (the "Labor Agreement.") Under the Labor Agreement, Foremost was required to make weekly contributions to the Plan for its union employees. The Plan has ten Trustees, five of whom represent the employers, and five of whom represent Local 563. The Trustees are vested with discretionary and final authority in making all decisions involving the Plan.

The Plan is governed by a document entitled "Central States, Southeast and Southwest Areas Pension Plan" (the "Plan Document"). The Plan Document provides for two types of contributions that may be made to the Pension Fund – "Employer Contributions" and "Self-Contributions." Employer Contributions are contributions that an employer is required to make to the pension fund pursuant to the terms of a collective bargaining agreement. Self-

---

[1] On April 20, 2006, the Plan filed a motion for permission to file a supplemental brief. The Court will deny that motion as moot.

Contributions, on the other hand, are voluntary contributions that an employee may make "when he is on the seniority list of a Contributing Employer." (Nelson Aff. ¶ 8, Ex. B.) The Plan Document also states that if an employee is laid off on or after January 1, 2000, he is permitted to make Self-Contributions for a maximum of two years of credit after his cessation date.

Beginning on December 4, 1998, Smith contacted the Plan on several occasions regarding Self-Contributions to the Plan. Local 563 was not involved in those communications. (DPFOF ¶ 17.)[2]

On April 23, 2003, Foremost announced that it intended to close its Appleton, Wisconsin plant, where Smith was employed at the time. In anticipation of the plant closure, Foremost and Local 563 negotiated a "Severance Package Agreement," entitling covered employees, including Smith, a severance pay. Foremost and Local 563 signed the Severance Package Agreement on November 24, 2003, and December 2, 2003, respectively.

On December 19, 2003, Smith wrote a letter to the Plan enclosing a check for $6,888.00. In the letter, he indicated that the payment was a Self-Contribution to the Plan for one and one-half year of contributory credit. In a letter dated August 4, 2004, the Plan advised Smith that it could not accept his payment as a Self-Contribution because he had

---

[2] Smith objects to this proposed finding of fact offered by Local 563. Smith disputes this fact, not on any factual basis, but rather on his legal assumption that Local 563 was a fiduciary of the Plan. That is a legal assumption that the Court rejects. Yet, even if the Court were to accept Smith's legal assumption that Local 563 was a fiduciary, that does not affect the factual question as to whether Local 563 participated in the communications between Foremost and Smith regarding Self-Contributions to the Plan.

3

entered into a severance package with Foremost that resulted in the termination of his seniority right, making him ineligible to self-contribute. Smith appealed the decision to the Trustees of the Plan, and in a letter dated April 28, 2005, the Trustees informed Smith that they upheld the Plan's determination and he was not eligible to make Self-Contributions.

The Trustees denied Smith's request because Smith did not satisfy two prerequisites that were necessary for an individual to make Self-Contributions. First, Smith was not on the seniority list because he accepted severance pay pursuant to a severance agreement entered into by his union. Second, Smith was not in layoff status because the Severance Package Agreement indicated that Smith was permanently terminated, rather than in laid off status.

**STANDARD OF REVIEW**

A court will grant a Rule 12(b)(6) motion to dismiss only if the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The complaint need not plead facts or law. *See Doe v. Smith*, 429 F.3d 706, 707 (7th Cir. 2005). Rather, a complaint suffices under Rule 12(b)(6) if any facts consistent with its allegations could be established by affidavit or testimony at trial. *Id.*

A court will grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A "material fact"

4

is one which, under the relevant substantive law, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact exists if a reasonable juror could find that the evidence supports a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. When considering the movant's case, the Court should take all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Hall v. Bennett*, 379 F.3d 462, 465 (7th Cir. 2004). If the movant meets his burden (by showing an absence of a genuine issue of material fact), the nonmovant may not rest on the pleadings. Instead, the nonmovant must come forward with evidence that there is a genuine issue for trial that would support a reasonable jury verdict on every issue for which he bears the burden of proof at trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)); *Celotex Corp.*, 477 U.S. at 322-24. If the nonmoving party bears the burden of proof on a matter at trial, and he is unable "to establish the existence of an element essential to [his] case," summary judgment is appropriate. *Celotex*, 477 U.S. at 322-23.

5

**DISCUSSION**

**I.     Smith's First Claim for Relief**

Smith alleges that Local 563 is liable pursuant to ERISA § 502(a)(1)(B), which permits a plan participant to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  Generally, the proper defendant in a § 502(a)(1)(B) suit is the plan, and not the employer or union.  *See Jass v. Prudential Health Care Plan, Inc*., 88 F.3d 1482, 1490 (7th Cir. 1996).  Nevertheless, in at least one instance, the Seventh Circuit held that an employer was a proper defendant in an ERISA case when the employer served as the plan administrator, the plan document gave the employer control of the administration of the plan, the employer was the designated agent for legal process on the plan, and the plan trustee was the vice-president of the employer. *See Mein v. Caruc Corp*., 241 F.3d 581, 584-85 (7th Cir. 2001).  The Seventh Circuit reasoned that because the employer and the plan were "closely intertwined," the employer was a proper defendant.

In the instant action, Local 563 is not "closely intertwined with the Plan like the employer in *Mein*.  Here, all discretionary authority is expressly granted to the Trustees, the Trustees make decisions regarding benefit eligibility, and Local 563 was not involved with determining whether Smith could receive the benefits he requested.  Accordingly, because

6

Local 563 and the Plan were not "closely intertwined" for purposes of deciding benefit claims, the first claim against Local 563 must be dismissed.

## II. Smith's Second and Third Claims for Relief

Smith alleges in his second and third claims for relief that Local 563 breached its fiduciary duties, which arise under ERISA § 502(a)(3). *See Harte v. Bethlehem Steel Corp.*, 214 F.3d 446, 451 (3d Cir. 2000). ERISA § 502(a)(3) is a "catchall" provision, which "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). According to § 3(21)(A) of ERISA, a "person is a fiduciary with respect to a plan," and therefore subject to ERISA fiduciary duties, "to the extent" that he "exercises any discretionary authority or discretionary control respecting management" of the plan, or "has any discretionary authority or discretionary responsibility in the administration" of the plan. 29 U.S.C. § 1002(21)(A).

Smith asserts that Local 563 was a named fiduciary of the Plan, but offers no evidence to substantiate the claim. Instead, the Trust Agreement explicitly names Goldman Sachs Asset Management, L.P. and Northern Global Advisors, Inc., as the fiduciaries of the Plan. (Nelson Aff. ¶ 7, Ex. A., Art. IV, § 3(a).)

Smith also argues that Local 563 acted as a fiduciary, but again cites no evidence to substantiate his claim. He cites paragraph 16 of his complaint for the proposition that Local 563 made an "express promise" to Smith that it "reasonably expected and intended" for

7

Smith to rely upon, and that Smith in fact relied upon to his detriment. (Complaint ¶ 16.) In addition to not specifying what exactly Local 563 promised, Local 563 denied the relevant provisions of paragraph 16 in its answer. (See Docket No. 22, "Answer of Defendant Local 563" ¶ 16.) Smith offers no evidence to substantiate his claim either, so the Court cannot conclude that Local 563 made an express promise to Smith, as described in paragraph 16 of his complaint.

Local 563 did not engage in any discretionary acts that relate to plan management or administration of the Plan which might trigger a fiduciary obligation. Accordingly, the Court will dismiss Smith's second and third claims for relief.

## IV. Smith's Fourth Claim for Relief

Smith's fourth claim for relief alleges that Local 563 was arbitrary and capricious by failing to provide him a full and fair review of the decision denying his claim, in violation of ERISA § 503. *see* 29 U.S.C. § 1133. ERISA § 503 requires that "every employee benefit plan" give specific reasons for a denial of benefits and give the claimant a "full and fair review." *Id*. Local 563 is not an "employee benefit plan." It did not have authority to interpret the Plan nor to establish and carry out any of the review procedures. Accordingly, the fourth claim of relief against Local 563 must be dismissed.

## V. Breach of Good Faith and Fair Dealing Claim

In his fifth claim for relief, Smith alleges an ERISA common law violation of good faith and fair dealing. As the Court explained in its order of May 12, 2006, this Court will

8

not carve out a new cause of action under federal common law for good faith and fair dealing in the ERISA context. *See Smith v. Foremost Farms, et. al.*, 05-C-686 (May 12, 2006). Accordingly, his fifth claim for relief is dismissed.

## VI. **Estoppel Claims**

In his sixth and seventh claims for relief, Smith raises federal common law causes of action for promissory and equitable estoppel. The Court will consider both as one claim for estoppel. *See Smith v. Foremost Farms, et. al*, 05-C-686 (May 12, 2006).

For estoppel under ERISA to apply, Smith must satisfy the following four elements: (1) a knowing misrepresentation by Local 563; (2) made in writing; (3) upon which Smith reasonably relied; (4) to his detriment. *See Downs v. World Color Press*, 214 F.3d 802, 805 (7th Cir. 2000). Smith argues that he needs more time for discovery, yet he does not cite one written document, in his complaint or otherwise, on which he relies to prove his assertion that Local 563 made a misrepresentation in writing. The only document in support of his estoppel claim made in his complaint is a memo from May 6, 2003, yet Smith only alleges that Foremost issued the memo, not Local 563. (Complaint ¶ 18.) If Smith specifically relied upon a written document produced by Local 563 that he relied upon to his detriment, one would think that Smith could at least describe the nature of that document in opposition to Local 563's motion for summary judgment. Yet, Smith is unable to do so, and is unable to rebut the evidence submitted by Local 563 that it never made such a promise in writing. Accordingly, the Court will dismiss the sixth and seventh claims against Local 563 as well.

9

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Local 563's Motion for Summary Judgment (Docket No. 58) is **GRANTED**.

The Plan's Motion to File a Supplemental Brief (Docket No. 67) is **DENIED**, as moot.

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin this 8th day of January, 2007.

                                          **BY THE COURT**

                                          s/ Rudolph T. Randa
                                          **Hon. Rudolph T. Randa**
                                          **Chief Judge**