# United States District Court

EASTERN DISTRICT OF WISCONSIN

**JUDGMENT IN A CIVIL CASE**

**CHARLES L. SMITH;**

        Plaintiff,

    V.        CASE NUMBER: **05-C-686**

**FOREMOST FARMS USA;**
**CENTRAL STATES, SOUTHEAST AND SOUTHWEST**
**AREAS PENSION PLAN; and**
**TEAMSTER LOCAL 563;**

        Defendants.

☐   **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒   **Decision by Court.** This action came on for consideration and a decision has been rendered.

IT IS ORDERED AND ADJUDGED **that the Rule 12(b)(6) motion of defendant Central States Southeast and Southwest Areas Pension Plan ("the Plan") to dismiss the second, third, fifth, sixth and seventh claims for relief is GRANTED-IN-PART and DENIED-IN-PART.**

**The motion of the Plan for summary judgment dismissing plaintiff Charles L. Smith's ("Smith") Second and Third claims that the Plan breached its fiduciary duties in violation of ERISA § 404(a)(1)(B) and § 404(a)(1)(D) is GRANTED because Smith can bring a claim for benefits under ERISA § 502(a)(1)(B) as he did in the first claim of his complaint, and therefore, equitable relief would not be appropriate here.**

**The Trustees of the Plan were reasonable in their conclusion that Smith could not make self-contributions after he received his severance pay. Accordingly, Smith's First claim regarding ERISA § 502(a)(1)(B) against the Trustees must be dismissed. The Plan's motion for summary judgment is GRANTED.**

**The Plan's motion for summary judgment on Smith's Fourth claim for relief that alleges the Plan was arbitrary and capricious by failing to provide him a full and fair review of the decision denying his claim is GRANTED. The Plan complied with ERISA § 503 requirements that specific reasons for denial be communicated to the claimant and that the claimant be given a "full and fair review" by the administrator, 29 U.S.C. § 1133.**

**The Plan's motion for summary judgment on Smith's Fifth claim for relief is GRANTED. The Court declines to exercise its authority to develop federal common law ERISA by recognizing a federal breach of good faith and fair dealing cause of action.**

**The Plan's motion for summary judgment on Smith's Sixth and Seventh claims for relief for promissory and equitable estoppel is GRANTED because The Plan is a multi-employer plan.**

---

**Defendant Foremost Farms USA's ("Foremost") motion for summary judgment is GRANTED.**

**Smith's First claim that Foremost is liable pursuant to ERISA § 502(a)(1)(B) is dismissed because Foremost is not the Plan, and Foremost is not "closely intertwined" with the Plan so as to be a proper defendant.**

**Smith's Second and Third claims that Foremost breached its fiduciary duties, which arise under ERISA § 502(a)(3), are dismissed because Foremost did not engage in any discretionary acts that relate to plan management or administration, nor did it, like the employer in *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996), offer detailed information about the Plan which might trigger a fiduciary obligation.**

**Smith's Fourth claim that Foremost was arbitrary and capricious by failing to provide him a full and fair review of the decision denying his claim, in violation of ERISA § 503, is dismissed because Foremost did not have authority to interpret the Plan or to establish and carry out any of the review procedures.**

**Smith's Fifth claim against Foremost is dismissed. The Court declines to exercise its authority to develop federal common law ERISA by recognizing a federal breach of good faith and fair dealing cause of action.**

**Smith's Sixth and Seventh claims for relief which raises federal common law causes of action for promissory and equitable estoppel are considered as one claim for estoppel and are dismissed because Smith did not point to any alleged misrepresentations by Foremost that would be the basis of his estoppel claims.**

---

**Defendant Teamster Local 563 ("Local 563") motion for summary judgment is GRANTED.**

**Smith's First claim that Local 563 is liable pursuant to ERISA § 502(a)(1)(B) is dismissed because Local 563 is not the Plan, and is not "closely intertwined" with the Plan so as to be a proper defendant.**

**Smith's Second and Third claims that Local 563 breached its fiduciary duties, which arise under ERISA § 502(a)(3), are dismissed because Local 563 did not engage in any discretionary acts that relate to plan management or administration of the Plan which might trigger a fiduciary obligation.**

**Smith's Fourth claim that Local 563 was arbitrary and capricious by failing to provide him a full and fair review of the decision denying his claim, in violation of ERISA § 503, is dismissed because Local 563 did not have authority to interpret the Plan nor to establish and carry out any of the review procedures.**

**Smith's Fifth claim against Local 563 is dismissed. The Court declines to exercise its authority to develop federal common law ERISA by recognizing a federal breach of good faith and fair dealing cause of action.**

**Smith's Sixth and Seventh claims for relief which raises federal common law causes of action for promissory and equitable estoppel are considered as one claim for estoppel and are dismissed because Smith does not cite one written document to prove his assertion that Local 563 made a misrepresentation in writing.**

---

**This action is hereby DISMISSED.**

---

| | |
|---|---|
| **January 10, 2007** | |
| Date | Clerk |
| | |
| | s/ Linda M. Zik |
| | (By) Deputy Clerk |